[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #125 MOTION TO COMPEL
The instant action concerns allegations of medical malpractice. The defendant asserts that as a result of said malpractice, her decedent lost his life prematurely.
On May 6, 2002, the defendant filed a Motion to Compel. Said motion moved to compel the plaintiff to produce records of the plaintiffs decedent's consultations and treatment with mental health professionals.
On May 7, 2002, the plaintiff filed a Memorandum in Opposition to the Motion to Compel. The plaintiff asserts that the subject information is CT Page 8099 confidential, privileged and exempt from disclosure pursuant to the provisions of § 52-146e of the Connecticut General Statutes. This section provides in pertinent part that:
 Except as provided in sections 52-146f to 52-146i, inclusive, no person may disclose or transmit any communications and records or the substance or any part or any resume thereof which identify a patient to any person, corporation or governmental agency without the consent of the patient or his authorized representative.
Subsection 52-146d C.G.S. provides a definition of "communications and records". This section provides in pertinent part that:
 (2) "Communications and records" means all oral and written communications and records thereof relating to diagnosis or treatment of a patient's mental condition between the patient and a psychiatrist, or between a member of the patient's family and a psychiatrist, or between any of such persons and a person participating under the supervision of a psychiatrist in the accomplishment of the objectives of diagnosis and treatment, wherever made, including communications and records which occur in or are prepared at a mental health facility.
Section 52-146f C.G.S. provides an exception as to when consent is required. Subsection 52-146f (5) provides that:
 Communications or records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense, or, after the patient's death, when his condition is introduced by a party claiming or defending through or as a beneficiary of the patient and the court or judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between patient and psychiatrist be protected.
The defendant in the instant action asserts that the plaintiff has introduced her decedent's mental condition as an element by claiming damages for her decedent's ability to enjoy life. The defendant further asserts that the evidence that may be contained in the subject records goes directly to the element of damages. The plaintiff asserts in its memorandum in opposition that "the plaintiff is neither claiming nor seeking damages for any psychiatric injuries or treatment resulting from the defendant's malpractice." CT Page 8100
After completing its review of this matter, this Court has come to the conclusion that that plaintiff has not introduced her decedent's mental condition as an element in this law suit by claiming damages for her decedent's ability to enjoy life.
The plaintiff is claiming damages for the destruction of the life of the plaintiffs decedent and his ability to enjoy said life. This Court notes that the plaintiff is not seeking damages for mental anguish, anxiety, stress or other similar mental harms on the behalf of its decedent. However, the defendant asserts that "by claiming damages for "destruction of [the decedent's ability to enjoy life,' the plaintiff has introduced the decedent's mental condition as an issue, as his ability to enjoy life was undoubtedly affected by his mental condition. " decedent's mental status or condition is relevant to the issue of his ability to enjoy life.
To support its position the defendant cites Kelly v. Giguere, No. CV 99 69450 S (Dec. 19, 2000) 2000 Ct. Sup. 16116 (Sferrazza, J.). However in the Giguere case, the plaintiff was seeking damages for things that directly involve issues of mental health:
 . . . [A]nxiety embarrassment; sleep disruption; decreased concentration; depression; and mental anguish and distress of the mind.
Giguereat 16117.
The defendant also cites Padgett v. Capitol West Associates, No. CV91-397573 S (Dec. 30, 1992) 1992 Ct. Sup. 11698 (Aurigemma, J.). However this case, like Giguere concerns damages directly concerning the plaintiffs mental health:
The defendant Capitol West Associates claims that the psychiatric and psychological records of the plaintiff are highly relevant and discoverable because, 1) the plaintiff has placed her mental condition in issue by her claims that the "sick building syndrome" caused her to suffer prescription drug addiction and she has claimed special damages for her psychological and drug counseling, 2) the defendant will offer evidence that injuries claimed to result from "sick building syndrome" often have a psychosomatic origin or component and plaintiffs symptoms were caused by her mental condition rather than by the condition of the building, and 3) the records are relevant to the plaintiffs credibility . . . CT Page 8101
In both Giguere and Padgett, the plaintiffs introduced their mental conditions as elements of their claim. The plaintiff in the instant action has not done so. To construe the statute as widely as proposed by the defendant would mean that disclosure or mental records would be required in all cases where the plaintiff was seeking damages for a wrongful death, regardless of whether or not the plaintiff introduces its decedent's mental condition as an element of its claim.
The issue of the plaintiffs mental health, at best only indirectly effects the issue of damages in this matter. After weighing the potential probative value against the harms that such a disclosure may cause, this Court finds that it is more important to the interest of justice, under the current circumstances to maintain the relationship between the psychiatrist and patient then it is to order the disclosure of the communication or records in this matter.
The Motion to Compel is denied.
 _________________________ Richard A. Robinson, J. June 11, 2002